ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  98-40017-01-JAR** |
| | ) | |
| **MATTHEW W. HEADLEY,** | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER CONVERTING AND DENYING MOTION

Defendant/petitioner Matthew Headley filed a "Motion to Recall Mandate." (Doc. 94.)   In

that motion, petitioner argues that his sentence should be vacated in light of the Supreme Court's

decision in *Blakely v. Washington*,[1] which struck down Washington's state sentencing scheme as

violative of the Sixth Amendment right to a jury trial.  Petitioner maintains that the Federal Sentencing

Guidelines (Guidelines) are similarly violative of the Sixth Amendment, and therefore his sentence is

unconstitutional. The Government has not filed a response in this matter.

After petitioner filed this motion, the Supreme Court decided *United States v. Booker*,[2] which

struck down the mandatory nature of the Guidelines as incompatible with the Sixth Amendment.

Consistent with the Supreme Court's guidance in *Blakely* and *Booker*, this Court denies petitioner's

---

[1]  542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2]  543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

1

motion because neither *Blakely* nor *Booker* is retroactive to federal criminal cases that became final

before the *Booker* decision was handed down on January 12, 2005.

## I. Procedural Background

On September 15, 1998, petitioner pled guilty to four counts of the Superseding Indictment

charging him with robbery, use of a firearm in relation to a crime of violence, and conspiracy to

obstruct, delay, and affect commerce by armed robbery.  (Docs. 59-60.)  After all adjustments were

made pursuant to the Guidelines, Judge Dale E. Saffels sentenced petitioner to 111 months of

imprisonment.[3]  The sentence includes 51 months of concurrent sentences for the robbery and

conspiracy counts, and a 60-month consecutive sentence for the firearm count.  This 60-month

sentence is the statutory minimum sentence for a conviction of using a firearm in relation to a crime of

violence.[4]

Petitioner filed a direct appeal of his sentence, which the Tenth Circuit dismissed in a mandate

issued on July 1, 1999.  (Doc. 79.)  On May 1, 2003, petitioner filed a Motion to Modify Term of

Imprisonment with this Court, arguing that his sentence was improper because the sentencing court

enhanced his sentence under the Guidelines in addition to imposing the statutory  consecutive sentence

for use of a firearm during commission of the robberies. (Doc. 84.)  The Court denied petitioner's

motion and explained that there was no double counting because the Guideline enhancement dealt with

a separate robbery charge of the Superseding Indictment than the consecutive sentence imposed for

---

[3]  This matter was assigned to the undersigned Judge, because the Honorable Dale E. Saffels, who
sentenced petitioner, is now deceased.

[4]  18 U.S.C. § 924(c).

2

use of a firearm during commission of the robbery set forth in Count 3.  (Doc. 86.)  Petitioner appealed

the Court's Order.  On February 23, 2004, the Tenth Circuit Court of Appeals issued a mandate

dismissing petitioner's appeal for lack of prosecution.  (Doc. 93.)  Petitioner now attempts to "recall"

this mandate, arguing that his sentence is unconstitutional under recent Supreme Court decisions.

## II.  Analysis

### *Construction of the Motion*

Because petitioner seeks to collaterally attack his sentence, the Court construes this motion as a

Motion to Vacate Sentence under 28 U.S.C. § 2255.   The Tenth Circuit has addressed how a court

should proceed when characterizing a motion filed under other premises as a § 2255 motion.  In

*United States v. Kelly*,[5] the court vacated and remanded a district court decision which interpreted a

motion to vacate under Fed. R. Crim. P. 32 as a motion under § 2255.  The court looked to other

circuits in deciding whether the characterization was appropriate and what procedure a court should

adopt in doing so.  In *Kelly*, the defendant brought his motion to vacate before filing a petition under §

2255 and before the applicable statute of limitations had for doing so had run.  Thus, if the district court

characterized his motion as a § 2255 motion, it would effectively bar that defendant from bringing other

claims under a motion for relief through § 2255, as successive motions under the statute are disfavored.

The Tenth Circuit found this unacceptable where the defendant did not intend to include all of his claims

in the motion to vacate and intended to later proceed with a motion under § 2255.[6]  The court held that

if the district court chose to characterize the motion as a § 2255 motion, it first needed to notify the

---

[5]  235 F.3d 1238 (10th Cir. 2000).

[6]  *Id.* at 1241.

defendant to give him an opportunity to cure, either by converting it to a § 2255 to include all claims, or by re-filing it in a manner that it could not be characterized as a habeas.[7]  The Tenth Circuit did not disagree with the characterization of the defendant's motion, as it agreed that defendant could not obtain the relief he sought by way of Rule 32.  However, the court sought to prevent the defendant from losing his opportunity to bring all of his claims under § 2255.

While *Kelly* is binding precedent, it is also distinguishable.  This petitioner will not suffer any prejudice or due process violation because the time for filing a motion under § 2255 has elapsed.  His judgment was final on July 1, 1999, when the Tenth Circuit issued its mandate dismissing his direct appeal of the conviction and sentence.  A one-year statute of limitations applies to motions under § 2255.  The period of limitations generally begins to run from the date that the judgment became final, but may also run from a later date on "which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[8]  Therefore, this petitioner may only file a § 2255 motion within the statute of limitations if it is based on a new Supreme Court rule made retroactive to cases on collateral review.  Because a recent Supreme Court decision forms the basis of his present motion, the Court's characterization of the motion as a motion to vacate under § 2255 does not injure him because any other claims would be barred by the statute of limitations.[9]

### *Retroactivity*

---

[7]  *Id.* at 1242.

[8]  28 U.S.C. § 2255.

[9]  *See United States v. Gottlieb*, 211 F.R.D. 656, 657 (D. Kan. 2003).

Petitioner argues that his sentence is unconstitutional, citing *Blakely v. Washington*. *Blakely* represents an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[10]  In *Blakely*, the Court applied the rule and explained that the statutory maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,"[11] which is not necessarily the same as the maximum punishment possible under statute.[12]  On this basis, the Court struck down the Washington state sentencing scheme.

In the wake of *Blakely*, courts have grappled with the issue of whether the Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a fashion similar to that under the Washington scheme.[13]  The Supreme Court resolved this issue in *United States v. Booker*.[14]  In two separate majority opinions, the Court decided first, that the mandatory nature of the Guidelines violates the Sixth Amendment for the same reasons that the Washington state scheme did in *Blakely*.[15]  Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply the

---

[10]  530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000).

[11]  *Blakely*, 124 S. Ct. at 2537 (emphasis in original).

[12]  *Blakely*, 124 S. Ct. at 2538.

[13]  *See Blakely*, 124 S. Ct. at 2548-50 (O'Connor, J., dissenting).

[14]  543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

[15]  *Booker*, 125 S. Ct. at 745 (Stevens, J.).

Guidelines.[16]  Instead, the Court deemed the Guidelines advisory and explained that sentencing courts

must now consider the sentencing goals as set forth in 18 U.S.C. § 3553(a).[17]  The applicable standard

of review under the new sentencing landscape is the reasonableness of the sentence.[18]

Because this is a collateral attack on a final sentence, the Court must first determine if the rule

announced in *Booker* may retroactively apply to this petitioner.  While the Supreme Court did state:

"we must apply today's holdings–both the Sixth Amendment holding and our remedial interpretation of

the Sentencing Act–to all cases on direct review;"[19] the Supreme Court did not state whether its holding

applied to cases on collateral review.

In *Schriro v. Summerlin*, the Supreme Court spoke to the issue of retroactivity just prior to

deciding *Blakely*.  The Court restated the precept that new rules announced by the Court only apply to

criminal convictions that are final in limited circumstances.[20]  Generally, new substantive rules will apply

retroactively while new procedural rules will not.[21]  However, a small number of procedural rules are

given retroactive effect if they are "watershed rules of criminal procedure implicating the fundamental

fairness and accuracy of the criminal proceeding."[22]  The Supreme Court has described such a rule as

---

[16]  *Booker*, 125 S. Ct. at 756 (Breyer, J.).

[17]  *Id.* at 764.

[18]  *Id.* at 765.

[19]  *Booker*, 125 S. Ct. at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[20]  *Schriro v. Summerlin*, 542 U.S. __, 124 S. Ct. 2519, 2522, 159 L. Ed. 2d 442 (2004).

[21]  *Id.*

[22]  *Summerlin*, 124 S. Ct. at 2523 (internal quotations omitted); *Teague v. Lane*, 489 U.S. 288, 312-13,109 S. Ct. 1257, 1060, 103 L. Ed. 2d 334 (1989).

one "without which the likelihood of an accurate conviction is *seriously* diminished.  This class of rules is extremely narrow, and it is unlikely that any . . . ha[s] yet to emerge."[23]

This Court finds that the rule announced in *Booker* is procedural because it only "regulate[s] the *manner of determining* the defendant's culpability."[24]  In *Summerlin*, the Supreme Court refused to retroactively apply *Ring v. Arizona*[25] to collateral cases.  *Ring* held that a sentencing judge could not find an aggravating circumstance necessary for imposition of the death penalty because the Sixth Amendment requires such a factor to be found by a jury.[26]  This Court finds that the *Summerlin* rationale applies with equal force to the rule announced in *Booker*.  "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules."[27]  As was the case in *Ring*, *Booker* is primarily concerned with the identity of the decisionmaker and the burden of proof required to determine a given sentence.  The decision does not determine what type of primary conduct is lawful or unlawful.

Furthermore, the Court finds that *Booker* does not constitute one of those rare "watershed rules of criminal procedure" that could be applied retroactively to cases on collateral review.  In order to constitute such a rule, it must "so 'seriously diminish' accuracy that there is an 'impermissibly large

_____

[23] *Summerlin*, 124 S. Ct. at 2523 (internal quotations omitted) (emphasis in original).

[24] *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 620-21, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)) (emphasis in original).

[25] *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002).

[26] *Summerlin*, 124 S. Ct. at 2526 (discussing *Ring v. Arizona*).

[27] *Summerlin*, 124 S. Ct. 2523 (collecting cases where the Court has reached the same conclusion in other contexts).

risk' of punishing conduct the law does not reach.'[28]  In *Summerlin*, the Supreme Court found the

evidence overwhelmingly did not support such a conclusion about jury factfinding.

Prior to *Booker*, the Tenth Circuit held that *Blakely* did not apply to cases on collateral

review.[29]  The Tenth Circuit has recently denied certification for successive § 2255 motions because

"the rule announced in *Booker* is not retroactive," therefore it does not satisfy the requirement for a

valid successive motion.[30]  Other circuits have similarly held that *Booker* does not apply to cases on

collateral review.[31]  For all of these reasons, this Court concludes that *Booker* does not apply to cases

on collateral review.  Because *Blakely* reserved judgment on the constitutionality of the Guidelines,[32]

*Booker* constitutes the new rule on the Guidelines that petitioner seeks to have applied to his case.

Since the Supreme Court filed its decision in *Booker* on January 12, 2005, that is "the appropriate

dividing line."[33]

Petitioner's only argument in his motion to vacate is that his sentence is unconstitutional based

---

[28]  124 S. Ct. at 2525 (quoting *Teague v. Lane*, 489 U.S. 288, 312-13,109 S. Ct. 1257, 1060, 103 L. Ed. 2d 334 (1989) (quoting *Desist v. United States*, 394, U.S. 244, 262, 89 S. Ct. 1030, 22 L. Ed. 2d 248 (1969))).

[29]  *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4 -5 (10th Cir. Dec. 16, 2004); *cf. United States v. Leonard*, No. 04-6197, 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) ("New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. . . . Thus, *Blakely*, as well as the Supreme Court's more recent decision in *United States v. Booker* . . . have no applicability to Leonard's sentence.").

[30]  *Bey v. United States*, __F.3d__, No. 05-3051, 2005 WL 469667, at *2 (10th Cir. Mar. 1, 2005); *United States v. Lucero*, No. 04-2131, 2005 WL 388731, at *2 (10th Cir. Feb. 18, 2005).

[31]  *McReynolds v. United States*, __F.3d__, Nos. 04-2520, 04-2632, 2844, 2005 WL 237642 (7th Cir. Feb. 2, 2005) *Green v. United States*, __F.3d.__, No. 04-6564, 2005 WL 237204, *1 (2d Cir. Feb. 2, 2005); In re *Anderson*, __F.3d__, No. 05-10045-F, 2005 WL 123923, *3 (11th Cir. Jan. 21, 2005).

[32]  *Blakely*, 124 S. Ct. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them.").

[33]  *McReynolds*, 2005 WL 237642, at *2.

8

on *Blakely*.  The Court finds that the rule explained in *Blakely* may only apply to the petitioner vis-a-vis

*Booker*, which for the first time applied *Apprendi* and *Blakely* to the Guidelines.  Because the Court

finds that this new procedural rule is not a watershed rule of criminal procedure, and because

petitioner's sentence was final on July 1, 1999, the rule announced in *Booker* does not apply.[34]

   **IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Recall Mandate,

construed as a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 94), is **DENIED**.

   IT IS SO ORDERED.

   Dated this _3ʳᵈ___day of March 2005.


      __S/ Julie A. Robinson_____
      **JULIE A. ROBINSON**
      **UNITED STATES DISTRICT JUDGE**

---

[34] *See* 28 U.S.C. § 2255(1), (3).